IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| KENYATA BRYANT,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS JANOVSKY;<br>CHRIS CARPENTER;<br>ADAM ANDERSEN;<br>JEREMY GILMER and<br>CITY OF MANCHESTER,<br>GEORGIA<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br><br>COMPLAINT FOR VIOLATIONS OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION; 42 U.S.C. § 1983; FALSE ARREST |

COMES NOW Kenyata Bryant (hereinafter "Mr. Bryant" or "Plaintiff"), through his undersigned counsel, files this Complaint against the above-named Defendant Chris Janovsky (hereinafter "Defendant Janovsky"), in his individual capacity; Defendant Chris Carpenter (hereinafter "Defendant Carpenter"), in his individual capacity; Defendant Adam Andersen (hereinafter "Defendant

1

Andersen"), in his individual capacity; Defendant Jeremy Gilmer (hereinafter "Defendant Gilmer"), in his individual capacity;  and the City of Manchester, Georgia, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. §1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## **PARTIES**

4.

At all times relevant hereto, Plaintiff Kenyata Bryant was a resident of the State of Georgia and a citizen of the United States of America.

5.

At all times relevant hereto, Defendant Chris Janovsky was acting under color of state law in his capacity as a law enforcement officer employed by the City of Manchester, Georgia. Defendant Janovsky is sued in his individual capacity.

6.

At all times relevant hereto, Defendant Chris Carpenter was acting under color of state law in his capacity as a law enforcement officer employed by the City of Manchester, Georgia. Defendant Carpenter is sued in his individual capacity.

7.

At all times relevant hereto, Defendant Adam Andersen was acting under color of state law in his capacity as a law enforcement officer employed by the City of Manchester, Georgia. Defendant Andersen is sued in his individual capacity.

8.

At all times relevant hereto, Defendant Jeremy Gilmer was acting under color of state law in his capacity as a law enforcement officer employed by the City of Manchester, Georgia. Defendant Gilmer is sued in his individual capacity.

9.

City of Manchester, Georgia.  City of Manchester, Georgia can be served with process on Mayor Michael Brening, 116 2nd Street Manchester, GA 31816. Pursuant to O.C.G.A. 36-33-1. The city of Manchester waived its immunity by the purchase of liability insurance for unlawful acts/misconduct of its public officials/police officers.

## **STATEMENT OF FACTS**

10.

On January 12, 2022, Defendant Janovsky and other officers of the Manchester Police Department, responded to 231 West Main Street in Manchester, Georgia after receiving information from dispatch that Sidney Gary called the police department in reference to threats made by Plaintiff and that the Plaintiff possibly had a firearm.

11.

After conducting an investigation, Defendant Janovsky learned that Sidney Gary never called the police department in reference to threats made by the Plaintiff or that the Plaintiff possibly had a firearm, and that the information that was relayed to law enforcement from dispatch that the Plaintiff made threats or that the Plaintiff possibly had a firearm was incorrect.

12.

Despite learning that that Plaintiff made no threats to anyone and that the information that was relayed to law enforcement from dispatch was incorrect, Defendant Janovsky still knowingly, intentionally and illegally, detained the Plaintiff and forced the Plaintiff to give his identifying information so that he could check him for warrants under the threat of being arrested if the Plaintiff failed to do so.

13.

Defendants Carpenter, Andersen and Gilmer failed to intervene to stop Defendant Janovsky from violating the Plaintiff's constitutional right from an unlawful detention. As law enforcement officers, Defendants Carpenter, Andersen and Gilmer had an affirmative duty to protect the Plaintiff from constitutional violations by fellow officers. Defendants Carpenter, Andersen and Gilmer knew that

the Plaintiff's rights were being violated, had an opportunity to intervene, and they chose not to do so.

14.

As a direct and proximate result of the individual Defendants' wrongful conduct, the Plaintiff sustained substantial injuries. These injuries include but are not limited to, loss of constitutional and federal rights, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his assault.

15.

Plaintiff is also entitled to punitive damages on all of his claims against all of the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## **CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF 42 U.S.C. § 1983
Unlawful seizure in violation of the Fourth Amendment
(All individual Defendants)

16.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 of this Complaint.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

17.

Plaintiff in this action is a citizen of the United States and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

18.

All Defendants, at all times relevant hereto, was acting under the color of state law in their capacities as police officers for the City of Manchester, Georgia and

their acts or omissions were conducted within the scope of his official duties or employment.

19.

Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from an unlawful seizure by law enforcement.

20.

Any reasonable officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

21.

No reasonable officer in the individual's Defendants' position could have believed that they had the authority to detain the Plaintiff and forced the Plaintiff to give his identifying information so that he could check him for warrants under the threat of being arrested if the Plaintiff failed to do so.

22.

The individual Defendants' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Plaintiff's Fourth Amendment rights.

23.

The individual Defendants' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

24.

Defendant Janovsky's unlawfully seized the Plaintiff, thereby unlawfully restraining the Plaintiff of his freedom.

25.

Defendant Janovsky engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights. Defendant Janovsky did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

26.

Defendants Carpenter, Andersen and Gilmer had an affirmative duty to protect the Plaintiff from constitutional violations by Defendant Janovsky.

27.

The acts or omissions of the individual Defendants were moving forces behind Plaintiff's injuries.

28.

The acts or omissions of individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

29.

The individual Defendants are not entitled to qualified immunity for their actions.

30.

As a proximate result of the individual Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the individual Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

31.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys'

fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

32.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against the individual Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

SECOND CLAIM FOR RELIEF
(FALSE ARREST)
(Georgia Common Law)
(Against All Defendants)

33.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 of this Complaint.

34.

No reasonable officer in the individual Defendants' position could have believed there was arguable probable cause or reasonable suspicion that the Plaintiff committed any criminal act prior to being his unlawfully detained.

35.

Defendants acted with malice at the time they made an intentional unjustifiable and unlawful detention. Defendants' action caused the Plaintiff to suffer from emotional distress, with significant PTSD-type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful detention.

36.

All individual Defendants' actions against the Plaintiff were unreasonable and unlawful.

37.

At the time of the complained incident, all individual Defendants were acting within the scope of their employment with the City of Manchester, Georgia. At the time all individual Defendants committed the acts described herein, they were acting within the course and scope of their employment and/or agency with the City of Manchester, Georgia. As such, the City of Manchester, Georgia is liable for the intentional acts of all individual Defendants. Therefore, the intentional acts of all individual Defendants are imputed to the City of Manchester, Georgia through the doctrines of agency, vicarious liability, and respondeat superior.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determine by a jury;

b. Economic losses on all claims allowed by law;

c. Special damages in an amount to be determined at trial;

d. Punitive damages on all claims allowed by law against individual Defendants;

e. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

f. Pre- and post-judgment interest at the lawful rate; and,

g. Any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted this 14th of September, 2022

*/s/Harry M. Daniels*
Harry M. Daniels
Georgia Bar No.: 234158

The Law Offices of Harry M. Daniels, LLC
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com