IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENYATA BRYANT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. 3:22-CV-00160-TCB |
| CHRIS JANOVSKY; ) | |
| CHRIS CARPENTER; ) | |
| ADAM ANDERSEN; ) | |
| JEREMY GILMER and ) | |
| CITY OF MANCHESTER, ) | |
| GEORGIA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' STATEMENT
OF UNDISPUTED MATERIAL FACTS FOR WHICH
THERE IS NOT A GENUINE ISSUE TO BE TRIED**

COME NOW, Defendants City of Manchester, Chris Janovsky, Chris Carpenter, Adam Andersen, and Jeremy Gilmer (collectively "Defendants") by and through their undersigned counsel of record and pursuant to Rule 56.1(b) of the Local Rules of the United States District Court for the Northern District of Georgia, and hereby submits their statement of undisputed material facts as to which there

exists no genuine issues to be tried, in support of their Motion for Summary Judgment, as follows:

1. On January 12, 2023, at approximately 10:30 AM Corporal Chris Carpenter ("Cpl. Carpenter") was flagged down by Sidney Gary ("Gary") while on patrol.[1]

2. Gary informed Cpl. Carpenter that he was concerned of an individual possibly coming to his business and causing problems.[2]

3. Later that day, at approximately 12:30 PM, the City of Manchester Police Department received information from dispatch that Gary called the police department in reference to threats that possibly involved the use of a firearm.[3]

4. Gary advised Bryant threatened to harm him due to a dispute over money.[4]

5. Gary described Bryant as a black male with dreads standing about 6'2" tall and driving a silver Range Rover.[5]

---

[1] Affidavit of Chris Carpenter, ¶ 4 [hereinafter cited as "Aff. Carpenter, ¶ __."]. A true and correct copy of the Affidavit of Chris Carpenter is attached as Exhibit "1".
[2] Aff. Carpenter, ¶ 5.
[3] Affidavit of Chris Janovsky, ¶ 4 [hereinafter cited as "Aff. Janovsky, ¶ __."]. Aff. Janovsky is attached as Exhibit "2"; Aff. Carpenter, ¶ 6; Affidavit of Jeremy Gilmer, ¶ 5 [hereinafter cited as "Aff. Gilmer, ¶ __."]. A true and correct copy of the Affidavit of Jeremy Gilmer is attached as Exhibit "3".
[4] Aff. Janovsky, ¶ 5.
[5] Aff. Janovsky, ¶¶ 6-7.

6. Gary requested the officers perform additional security checks on his business located at 231 West Main Street because it was a potential target of the Bryant's threats.[6]

7. At approximately, 1:13 PM, Det. Chris Janovsky ("Det. Janovsky") was traveling west on Main Street near Gary's business and observed Bryant and a silver Range Rover parked on the east side of the business.[7]

8. Gary and Bryant were standing outside on the grass in front of the business and Bryant appeared physically agitated because he was waving his hands in the air and yelling at Gary.[8]

9. Det. Janovsky contacted dispatch which notified the other officers to come to this location.[9]

10. Cpl. Carpenter, Officer Jeremy Gilmer ("Officer Gilmer") and Corporal Adam Andersen ("Cpl. Anderson") responded to Det. Janovsky's call for assistance.[10]

11. Officers approached Gary and Bryant outside of the barbershop located at 231 Main Street, Manchester, Georgia.[11]

---

[6] Aff. Janovsky, ¶ 7.
[7] Aff. Janovsky, ¶ 8; Aff. Carpenter, ¶ 7.
[8] Aff. Janovsky, ¶ 9.
[9] Aff. Janovsky, ¶ 10.
[10] Aff. Janovsky, ¶ 13.
[11] Body Camera Video, 00:00 to 00:08 [hereinafter cited as "Video, ___ to ___."]. A true and correct copy of the Video is attached as Exhibit "1" to the Affidavit of Chris Janosky.  Mr. Gary is seen in

3

12. Both men stated that they are doing alright and that they were just outside talking.[12]

13. Bryant makes the comment that there are three police officers because two black men are talking.[13]

14. Officer Gilmer then asks Gray if he is okay and he says that he is.[14]

15. Detective Janovsky is seen talking on his cell phone trying to confirm the information from dispatch about the reported threats.[15]

16. After discussing with dispatch, Det. Janovsky is heard calling to Gary to come over to speak to the officers.[16]

17. While attempting to speak with Gary, Bryant was verbally irate and began recording and yelling at the officers.[17]

18. The officers ask Gary about whether he contacted the police and Gary denied calling the police.[18]

---

a blue, white and read track suit and Mr. Bryant is seen in blue jeans, dark colored plaid shirt and cowboy hat near his Range Rover of a silverish color. Aff. Carpenter, ¶ 9; Aff. Gilmer, ¶ 6.
[12] Video, 00:00 to 00:08; Aff. Gilmer, ¶ 7.
[13] Video, 00:08 to 00:15.
[14] Video, :00:15 to 00:19.
[15] Video, 00:20 to 00:27.
[16] Video, 00:33 to 00:37; Aff. Carpenter, ¶ 10.
[17] Aff. Janovsky, ¶ 14; Video, generally; Aff. Adam Andersen, ¶ 13 (January 22, 2024)[hereinafter cited as "Aff. Andersen, ¶ __."]. A true and correct copy of Aff. Andersen is attached as Exhibit "4." Aff. Carpenter, ¶ 10; Aff. Gilmer, ¶ 9.
[18] Video, 00:50 to 00:59; Aff. Gilmer, ¶ 8.

4

19. Det. Janovsky confronted Gary about being dishonest in his statement and Gary recanted his recent denial and stated Det. Janovsky was in fact correct that he called the police and told them to be on the lookout for Bryant.[19]

20. While Det. Janovsky was speaking with Gary, Bryant was moving around the parking lot appearing to record the officers with his phone.[20]

21. The officers told Bryant to go back over towards his vehicle and Bryant argued with the officers about his rights.[21]

22. Det. Janovsky radios dispatch to determine what was communicated by Gary during the call because there was an issue about the report of a firearm.[22]

23. Officer Andersen, who heard both the telephone call and the call out from dispatch, explained that Gary stated that they did not want trouble at the business and they did not know if there were going to be any weapons or not.[23]

24. Officer Andersen and the others officers discussed that over the radio it was reported to the officers that it was possible that a gun would be present.[24]

---

[19] Video, 01:00 to 02:05; Aff. Janosky, ¶ 18;
[20] Video, 01:00 to 02:14; see Aff. Carpenter, ¶ 11.
[21] Video, 02:15 to 02:23; Aff. Andersen, ¶ 14;
[22] Video, 02:23 to 03:36.
[23] Video, 02:23 to 03:36.
[24] Video, 03:34 to 03:36.

25. As the officers were trying to explain to Gary why they all responded, Bryant continued to shout over to the officers if he was free to leave.[25]

26. Bryant attempted to walk behind the officers and Det. Janovsky told him to remain back toward the vehicles.[26]

27. Bryant continued to yell, "Am I being detained?"[27]

28. The officers explained to Gary that this entire encounter is based on his call to the police department and him giving the officers the impression that there is going to be a serious altercation that may result by Bryant's presence at the store.[28]

29. Det. Janovsky directed Cpl. Andersen to get the identification of Bryant so that they can complete the report and investigation.[29]

30. Cpl. Andersen approached Bryant to request his name.[30]

31. At that time, Bryant stated to the officers that he is being unlawfully detained and refuses to provide his name.[31]

32. After Bryant protests his perceived detainment, Bryant requests to speak to Officer Gilmer.[32]

---

[25] Video, 03:36 to 03:54; Aff. Andersen, ¶ 18.
[26] Video, 03:54 to 05:18; Aff. Janovsky, ¶ 15; Aff. Anderson, ¶ 15; Aff. Carpenter, ¶ 12.
[27] Video, 03:54 to 05:18; Aff. Andersen, ¶ 13, 17.
[28] Video, 03:36 to 06:30.
[29] Video, 06:25 to 06:30; Aff. Gilmer, ¶ 12.
[30] Video, 06:30 to 06:49; Aff. Andersen, ¶ 19.
[31] Video, 06:30 to 06:49; Aff. Andersen, ¶ 20; Aff. Gilmer, ¶ 17.
[32] Video, 08:46 to 08:48; Aff. Andersen, ¶ 23.

33. Officer Gilmer explains to Bryant that this encounter was caused by a caller stating to the police department that they were seriously afraid for their safety as a result of his presence at the barbershop.[33]

34. Bryant then spoke about what he believes the law to be regarding being detained.[34]

35. Officer Gilmer then attempts to get Bryant's version of events and understanding as to why the officers would have been called.[35]

36. Det. Janovsky then approaches Bryant, Cpl. Andersen and Officer Gilmer to ask Bryant name and date of birth.[36]

37. Bryant does not provide the information but continues to ask if he is being detain and Det. Janovsky states that he is detaining him long enough for them to get his information.[37]

38. Det. Janovsky also explains that he is being detained so that the officers can determine if he is a party to a crime.[38]

39. Bryant provides his name, and date of birth and address.[39]

---

[33] Video, 09:20 to 09:29; Aff. Gilmer, ¶ 18.
[34] Video, 09:29 to 11:21.
[35] Video, 11:19 to 11:21.
[36] Video, 11:27 to 11:29; Aff. Janovsky, ¶ 17.
[37] Video, 11:29 to 12:11.
[38] Video, 12:11 to 12:14.
[39] Video, 12:14 to 13:24.

40. Det. Janovsky tells Bryant to remain where he is until they can run the information for warrants and if nothing returns then Bryant would be free to go.[40]

41. Det. Janovsky then rephrases his statement and states that the officers were going to leave because Bryant stated he did not have to go.[41]

42. Det. Janovsky radios dispatch with the information, is informed no warrants are outstanding for Bryant, and all of the officers leave.[42]

43. The entire encounter between the officers and Bryant lasted approximately fifteen minutes and thirty-three seconds.[43]

44. Bryant was not issued a citation, nor was he arrested.[44]

Respectfully submitted, this 22nd day of January, 2024.

                                **BENNETT LAW OFFICE, LLC**

                                */s/ Matthew H. Bennett*
                                Matthew H. Bennett
                                Georgia Bar No. 123408
                                Bennett Law Office, LLC
                                1012 Memorial Drive, Suite 13
                                Griffin, Georgia 30224
                                Telephone: 678-688-3554
                                Email: mhb@bennettlawofficellc.com

---

[40] Video, 13:20 to 13:24.
[41] Video, 13:24 to 13:39.
[42] Video, 13:39 to 15:29; Aff. Janovsky, ¶¶ 19-21; Aff. Andersen, ¶ 27; Aff. Gilmer, ¶ 21.
[43] Video, 00:00 to 15:33.
[44] See Video; Aff. Janovsky, ¶ 22; Aff. Andersen, 26; Aff. Carpenter, ¶ 18.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Harry Daniels.

Submitted this 22nd day of January, 2024.

*/s/Matthew H. Bennett*
MATTHEW H. BENNETT
Georgia Bar No. 123408
Attorney for the Defendants

**BENNETT LAW OFFICE, LLC**
1012 Memorial Drive, Suite 13
Griffin, Georgia 30223
(678) 688-3554
(678) 688-3555 (Fax)
mhb@bennettlawofficellc.com